```
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF FLORIDA

                                  CASE NO. 07-14148-CIV-GRAHAM
                                  MAGISTRATE JUDGE P.A. WHITE
```

ALLEN R. KING,                       :

      Plaintiff,              :

v.                                   :      SUPPLEMENTAL REPORT OF
                                                             MAGISTRATE JUDGE

DEPUTY SHERIFF ALAN PACARO,          :

      Defendants.             :
_____

     The pro-se plaintiff, Allen R. King filed a civil rights complaint pursuant to 42 U.S.C. §1983, while confined at the St. Lucie County Jail, alleging use of unlawful force by Officer Pacaro. The plaintiff was granted leave to proceed in forma pauperis and an Order was entered requiring only that the plaintiff pay the Clerk's $350.00 filing fee in installments.

     Defendant Pacaro filed a Motion to Dismiss for failure to comply with the Court Order regarding deposition, and failure to cooperate in Discovery. (DE#19). The defendant was granted leave to depose the plaintiff, Allen King. The defendant made arrangements to telephonically depose the plaintiff at his place of incarceration, Gulf Correctional Institution on October 5, 2007, at 11:00 a.m. A court reporter, hired by the defendant was sent to Gulf CI to place the plaintiff under oath and record the deposition. The defendant states that during deposition, the

plaintiff refused to answer any questions except his name for the record. When attempts were made to illicit further answers, the plaintiff ended the deposition. (Defendant's motion to dismiss, p.2).

Following the aborted deposition, Defendant Pacaro filed a motion to compel/motion for sanctions on October 15, 2007 (DE#15). The motion was granted, and the plaintiff was ordered to inform the Court on or before November 2, 2007, the reason for his failure to cooperate during his deposition. He was also ordered to state to the Court that he would attend a second, scheduled deposition, and answer all questions to the best of his ability or to respond with valid objections. The plaintiff was cautioned that failure to comply with the Court's Order would result in dismissal of this case. (DE#17).  The plaintiff filed a reply stating that  "he did refuse to answer some of defense counsel's questions", and did not answer the remaining questions because they exceeded the scope of the complaint. The plaintiff states he would answer any future questions he deems to be within the scope of the complaint.

Review of the defendant's motion to dismiss and Exhibit (DE#19-2), a copy of the plaintiff's deposition, supported the defendant's contention that the plaintiff was totally uncooperative during the deposition, and that his response to the Court was

misleading and filed in bad faith. The deposition transcript indicated that the plaintiff stated his name for the record, and when asked if he had ever been deposed before he stated that he was not represented by counsel and any questions should be in the form of interrogatories so that he would be able to obtain the advice of a prison law clerk. He refused to answer any further questions and ended the deposition. (Transcript of Deposition DE#19-2)

The defendant further stated that the plaintiff has been uncooperative in all aspects of discovery, failing to provide answers to interrogatories and respond to requests for production.

A Report was entered by the Undersigned Magistrate that the Defendant's motion to dismiss be granted, based upon the plaintiff's failure to comply with the Court's Order and violation of Fed.R.Civ.P. 37(a), (b)(2)(C)and 41(b). The plaintiff filed objections to the Report (DE#23)

This Cause is now before the Court upon the Order of United States District Judge Donald L. Graham, in which, rather than dismiss this action at this juncture, permited the plaintiff an opportunity to correct the matter. Judge Graham allowed the plaintiff to respond to the defendant's discovery requests no later than February 22, 2008, and referred the motion to dismiss (DE#19)

back to the Magistrate Judge in light of the plaintiff's objections for a supplemental report. (DE#24) The Defendants were ordered to notify the Court whether they were provided with the discovery responses on or before February 22, 2008, as ordered by Judge Graham.  The  plaintiff was cautioned that if he failed to comply with the Court's Orders the defendant shall notify the Court and it would again be recommended that this case be dismissed.

Defendant Pacaro has now complied with the Court's Order and filed a notice to the Court (DE#32), informing the Court that "the plaintiff has completely failed to provide the defendant with his responses to the First Request for Production by February 22, 2008, as ordered by Judge Graham.[1] Additionally, the plaintiff failed to supplement his previous answers to Defendant's first set of Interrogatories to provide the relevant information sought by Defendant Pacaro".

It is therefore recommended that the motion to dismiss be granted (DE#19) and this case be dismissed for failure to prosecute.

It is further recommended that all subsequently filed motions

---

[1]Included in the Defendant's first request for production was the request for the HIPPA release, attached to his request for production., and not provided by the plaintiff.

4

filed by the plaintiff be denied as moot.

Objections to this Report may be filed within ten days of receipt of the Report.

Dated this 6th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Allen R. King, Pro Se
    DC#536512
    Gulf Correctional Institution
    500 Ike Steele Rd.
    Wewahitchka, FL 32465-0010

    Adriana Jisa, Esq.
    Purdy, Jolly et al
    2455 E. Sunrise Blvd Suite 1216
    Ft Lauderdale, Fl 33304
    Attorney for Defendant

    Karma Hall, Esq.
    Rubinton & Laufer, et al
    Address of Record