UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 07-14148-CV-GRAHAM

ALLEN R. KING,

    Plaintiff,

vs.

DEPUTY SHERIFF ALAN PACARO,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss [D.E. 19].

**THE COURT** has considered the Motion, and has conducted an independent review of the file.

### I. BACKGROUND

This matter was initially referred to the Honorable United States Magistrate Judge Patrick A. White pursuant to 28 U.S.C. § 636 and the Magistrate Rules for the Southern District of Florida [D.E. 3]. Judge White issued an initial Report and Recommendation [D.E. 20] recommending that this action be dismissed due to Plaintiff's failure to comply with the Court's orders. Plaintiff filed objections to the Magistrate Judge's initial report [D.E. 23].

Based upon a review of the record at that time, this Court recommitted the issue to the Magistrate Judge for a supplemental

report. [See D.E. 24.] In order to allow further consideration, this Court expressly required that Plaintiff respond to Defendant's discovery request by no later than February 22, 2008 and further advised that "failure by Plaintiff to comply with the Court's orders or the Federal Rules governing this litigation shall result in prompt dismissal of this cause, with no exceptions." [D.E. 24]

Plaintiff failed to comply with the deadlines as set forth by this Court and previously by the Magistrate Judge. Consequently, the Magistrate Judge issued a Supplemental Report [D.E. 33] once again recommending that the Court grant Defendant's motion to dismiss. Plaintiff filed objections [D.E. 34].

The Court is unpersuaded by Plaintiff's most recent objections. Despite repeated opportunities and extensions of time, Plaintiff has yet to provide the Defendant with discovery. Moreover, allegations of outstanding discovery due from the Defendant are irrelevant. The issue before the Court was Plaintiff's continued noncompliance. As Plaintiff instituted this action, he should have been prepared to prosecute the case in accordance with the Court's orders. Plaintiff's failure to do so has been to his own detriment. Therefore, pursuant to Rule 41(b), the Court dismisses the case without prejudice.

If Plaintiff should re-file his claim, he is hereby on notice that he must be prepared to comply with discovery demands, including without limitation, attending depositions. The Court

also recognizes that the statute of limitations may have expired.[1] Should Plaintiff re-file his claim, the Court may, as appropriate, consider issues concerning the tolling of the limitations period.

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Magistrate Judge's Supplemental Report [D.E. 33] is hereby **AFFIRMED, ADOPTED AND RATIFIED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [D.E. 19] is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of July, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    Allen R. King, Pro Se
    Magistrate Judge Patrick A. White

---

[1] According to the Complaint [D.E. 1], the incident occurred on November 3, 2003. Therefore, the statute of limitations expired on November 3, 2007 - four years from the date the claim arose. See Allen v. King, 2008 WL 223054, * 1 (11th Cir. 2008) (Florida's four year statute of limitations applies to § 1983 claims).